T.C. Memo. 2003-238

UNITED STATES TAX COURT

LAWRENCE S. AHMAOGAK AND MYRNA AHMAOGAK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10850-01.          Filed August 11, 2003.

<u>Mason D. Morisset</u>, for petitioners.

<u>Lisa M. Oshiro</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Lewis R. Carluzzo pursuant to section 7443A(b)(5) and Rules
180, 181, and 183.[1]  The Court agrees with and adopts the opinion
of the Special Trial Judge, which is set forth below.

---

[1]  Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended.  Rule references are
to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

CARLUZZO, Special Trial Judge:  On February 28, 2001, respondent issued a notice of final determination denying in large part petitioners' request to abate interest on their Federal income tax liabilities for 1986 through 1989, inclusive, and 1991 (the underlying years).  In response to that notice, petitioners timely petitioned this Court to review respondent's denial.  Our jurisdiction is established by section 6404(h).[2] The issue for decision is whether respondent's failure to abate interest on petitioners' Federal income tax liabilities for the underlying years is an abuse of discretion.

## Background

Petitioners resided in Barrow, Alaska, at the time the petition was filed.  The facts in this case, all of which have been stipulated, are summarized below.

Petitioners are husband and wife.  They filed timely joint Federal income tax returns for 1987, 1988, and 1989, but untimely returns for 1986 and 1991.[3]

---

[2]  Sec. 6404(h) was previously designated sec. 6404(i).  See Victims of Terrorism Tax Relief Act of 2001, Pub. L. 107-134, sec. 112(d)(1)(B), 115 Stat. 2435.

[3]  The returns have not been included in the record. Details of the returns are set forth in a document prepared by respondent's Appeals officer in response to petitioners' administrative claim for interest abatement.  The parties stipulated the truth of the factual portions of this document.

For convenience, only some of the details of the assessment process for the underlying years are set forth in the body of this opinion; additional details are contained in the Appendix.

By letter dated September 12, 1988, respondent notified petitioners that their 1986 return was under examination. That return was selected for examination because of deductions claimed for the donation of whale meat and whaling expenses. The initial interview with the petitioners took place on October 20, 1988. On or around November 1, 1988, the examination was extended to include petitioners' 1987 return, on which similar deductions were claimed. An examination report proposing to disallow the above-referenced deductions (presumably for both years) was mailed to petitioners on February 8, 1989. Petitioners' protest was received on July 3, 1989, and an Appeals officer was assigned 2 weeks later. On August 1, 1989, the Appeals officer scheduled a conference with petitioners' representative. During Appeals consideration, much correspondence was exchanged, and several conferences took place. On June 14, 1991, respondent's Appeals Office issued a notice of deficiency to petitioners in which deficiencies in their 1986 and 1987 income taxes were determined. Petitioners timely petitioned this Court in response to that notice on September 16, 1991 (docket No. 20784-91). That docketed case was set for trial but was continued several times. Ultimately, a stipulated decision was entered on February 29,

2000, and the deficiencies, an addition to tax, and interest were assessed on May 29, 2000.

The examination, Appeals consideration, and litigation phases for the years 1988, 1989, and 1991 progressed in a manner similar to that for the years 1986 and 1987. For each of these later years, deductions similar to the those claimed and disallowed for 1986 and 1987 were also claimed and disallowed. However, by the time the examination of 1991 was completed, petitioners had decided to forgo Appeals consideration and proceed with a test case before this Court.

As of July 28, 1994, petitioners had three cases docketed in this Court (the docketed cases).[4] The docketed cases were consolidated with other cases involving similarly situated taxpayers. At petitioners' request, the docketed cases were held in suspense to allow for the enactment of proposed Federal legislation that specifically addressed the types of deductions in dispute in those cases. Although the proposed legislation was never enacted, petitioners and respondent agreed to a settlement in each of the docketed cases, the terms of which are consistent with the relief contemplated by the proposed legislation.

---

[4] Docket No. 20784-91, filed Sept. 16, 1991, involving 1986 and 1987; docket No. 23983-92, filed Oct. 27, 1992, involving 1988 and 1989; and docket No. 13503-94, filed July 28, 1994, involving 1991.

On May 29, 2000, consistent with the stipulated decision document entered in each of the docketed cases, deficiencies, additions to tax, and interest in the following amounts were assessed:

| Year | Deficiency | Sec. 6651(a) | Interest |
|------|-----------|--------------|----------|
| 1986 | $ 7,253.00 | $147.80 | $16,578.00 |
| 1987 | 23,488.00 | — | 45,545.88 |
| 1988 | 14,044.00 | — | 22,934.40 |
| 1989 | 5,753.00 | — | 7,776.27 |
| 1991 | 3,001.12 | 718.57 | 3,382.33 |

On June 27, 2000, respondent received from petitioners a separate Form 843, Claim for Refund and Request for Abatement, for each of the underlying years (the abatement claims). Block 5 of the abatement claims is designated "Explanation and additional claims." Instructions following the designation direct the taxpayer to "Explain why * * * this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax." In the space below these instructions on each of the abatement claims, petitioners inserted the following:

> Our 1986 [1987, 1988, 1989, or 1991, as appropriate] return was audited, brought to the Appeals Office, and in Tax Court. We have a good faith belief that delays occurred in preforming [sic] ministerial acts by an officer or employee of the Internal Revenue Service during that period * * *. The occurance [sic] of such delays requires the abatement of the assessment of interest for those particular periods. Furthermore, throughout much of this period legislation was pending

which would have substantially affected the treatment of specific deductions. Accordingly, the Service postponed consideration of these matters. Further, a death in the family of our legal counsel resulted in an additional delay in consideration of our case. In light of the ministerial delays, and as well as our reliance on the actions of Congress, the failure to abate interest in our circumstances would constitute grossly unfair treatment and impose on us an undue hardship.

On the abatement claims, petitioners requested abatement of interest as follows:

| Year | Period | Approximate Amount |
|------|--------|--------------------|
| 1986 | 02/02/1989 – 10/1999 | $13,300 |
| 1987 | 02/02/1989 – 10/1999 | 25,000 |
| 1988 | 12/16/1991 – 10/1999 | 16,700 |
| 1989 | 06/10/1991 – 10/1999 | 10,000 |
| 1991 | 09/13/1993 – 10/1999 | 2,500 |

By letter dated January 24, 2001, respondent notified petitioner that for 1986 and 1987, $295.43 of interest that accrued from June 8 to July 3, 1989, would be abated, but otherwise denied each of petitioners' requests for abatement of interest. The reason for the partial allowance has not been provided. By letter dated February 23, 2001, petitioners requested that respondent's Appeals Office reconsider the portion of the abatement claims that had been denied. On February 28, 2001, respondent issued a notice of final determination in which respondent refused, with the exception previously noted, to abate

interest on petitioners' Federal income tax liabilities for the underlying years.

## Discussion

In general, interest on a Federal income tax liability begins to accrue on the due date of the return and continues to accrue, compounding daily, until payment is made. Secs. 6601(a), 6622.

The Commissioner has the authority to abate the assessment of interest on a deficiency or payment of income tax if the accrual of such interest is attributable to an error or delay by an official or employee of the Internal Revenue Service in performing a ministerial act. Sec. 6404(e)(1).[5] A ministerial act means a procedural or mechanical act that does not involve the exercise of judgment. Lee v. Commissioner, 113 T.C. 145, 149-150 (1999); sec. 301.6404-2T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). A prerequisite to the relief contemplated by section 6404(e) is the "erroneous or dilatory performance of a ministerial act" by the Commissioner's

---

[5] Sec. 6404(e) was amended by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301, 110 Stat. 1457 (1996), to permit the Commissioner to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" or ministerial acts. The amendment is effective for interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996, and is therefore inapplicable here.

employee that results in the accrual of interest the taxpayer seeks to have abated.

In the abatement claims, petitioners state that they have a good faith belief that delays occurred in preforming ministerial acts, but they have failed to identify a single instance of respondent's dilatory performance of a ministerial act, and respondent has not admitted to any. Instead, petitioners offered the following in their opening brief:

> While petitioners believed, and still believe, that a deduction was probably claimable under existing law, attempts were made to clarify the situation by requesting retroactive legislation in Congress. There was substantial interest in this legislation which made it through numerous committee layers at various times. However, the legislation failed to pass prior to this matter being finally set for trial. After careful reconsideration of the matter, the Respondent agreed that some charitable deductions were proper and the underlying tax liability was settled. However, due to the delay in waiting for legislation, a delay caused by an illness and death of a close family member of Petitioners' counsel, and other factors as noted in the stipulated agreed facts, substantial interest was imposed.

The above-quoted passage, as well as the statements contained in the abatement claims, greatly undermines petitioners' claim to section 6404(e) relief. We have reviewed the examination history (including Appeals consideration and litigation phases) of petitioners' Federal income tax returns for the underlying years as set forth in the Appeals officer's chronology of events and, with the exception of the duration of

the docketed cases, find nothing out of the ordinary in either the sequence of events or the passage of time between events. Moreover, petitioners acknowledge, as evidenced by the above-quoted passages, that the length of time that the docketed cases were pending is not attributable to the erroneous or dilatory performance of a ministerial act by respondent's employee. See Lee v. Commissioner, supra.

Resolution of the docketed cases was obviously delayed to allow for the enactment of the proposed legislation, and the delay resulted in the imposition of interest. We are not unsympathetic to petitioners' situation and the frustration that must have followed their failed attempts to resolve their tax disputes through legislation long promised but never enacted. Nevertheless, under the circumstances, the additional interest that accrued during the period of delay of the docketed cases is not subject to abatement under section 6404(e). Simply put, the interest that accrued on petitioners' Federal income tax liabilities for the underlying years results from petitioners' failure to pay their Federal income tax liability for each year when due. Section 6404(e) does not authorize the abatement of interest upon that ground, and respondent's refusal to do so is not an abuse of discretion. See Donovan v. Commissioner, T.C. Memo. 2000-220; Douponce v. Commissioner, T.C. Memo. 1999-398.

To reflect the foregoing,

Decision will be

entered for respondent.

APPENDIX

| EVENT | DATE OF EVENT | | | | |
|---|---|---|---|---|---|
| | Docket No. 20784-91 | | Docket No. 23983-92 | | Docket No. 13503-94 |
| | 1986 | 1987 | 1988 | 1989 | 1991 |
| Filed Federal income tax returns | 09/04/87 | Timely | Timely | Timely | 04/14/93 |
| Commenced examination | 09/12/88 | 11/01/88 | 03/28/91 | 02/15/91 | 09/13/93 |
| Initial interview | 10/20/88 | unknown | unknown | 03/08/91 | unknown |
| Prepared Report Transmittal, Reviewed and Approved for Appeals | 02/28/89 | 02/28/89 | unknown | unknown | unknown |
| Received petitioners' Written Protest for an Appeals Conference | 07/03/89 | 07/03/89 | 02/11/92 | 02/11/92 | 08/01/94 |
| Appeals officer assigned | 07/18/89 | 07/18/89 | unknown | unknown | 09/29/94 |
| Scheduled Appeals conference | 08/01/89 | 08/01/89 | 03/04/92 | 03/04/92 | 09/30/94 |
| Held Appeals conference | 10/31/89 | 10/31/89 | 04/28/92 | 04/28/92 | unknown |
| Respondent mailed settlement offer | 04/10/91 | 04/10/91 | unknown | unknown | unknown |
| Petitioners rejected settlement offer | 05/28/91 | 05/28/91 | 07/16/92 | 07/16/92 | unknown |
| Issued Notice of Deficiency | 06/14/91 | 06/14/91 | 07/30/92 | 07/30/92 | 04/29/94 |
| Filed Petition | 09/16/91 | 09/16/91 | 10/27/92 | 10/27/92 | 07/28/94 |
| Petitioner filed status report with Tax Court on proposed legislation | 06/08/94 | 06/08/94 | 06/08/94 | 06/08/94 | 06/08/94 |
| Reconsidered settlement | 06/13/94 | 06/13/94 | 06/13/94 | 06/13/94 | n/a |
| Respondent filed status report with Tax Court on proposed legislation | 01/27/95 | 01/27/95 | 01/27/95 | 01/27/95 | 01/27/95 |
| Respondent filed second status report with Tax Court on proposed legislation | 09/26/97 | 09/26/97 | 09/26/97 | 09/26/97 | 09/26/97 |
| Petitioner filed second status report with Tax Court on proposed legislation | 12/02/98 | 12/02/98 | 12/02/98 | 12/02/98 | 12/02/98 |
| Settlement conference with Appeals | 09/02/99 | 09/02/99 | 09/02/99 | 09/02/99 | 09/02/99 |
| Stipulated decision entered by Tax Court | 02/29/00 | 02/29/00 | 02/29/00 | 02/29/00 | 02/29/00 |
| Assessment of tax, penalties, and interest | 05/29/00 | 05/29/00 | 05/29/00 | 05/29/00 | 05/29/00 |